UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED RHINER,

    Plaintiff,

v.                                                                  Case No. 8:25-cv-2675-TPB-CPT

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## **ORDER**

Alfred Rhiner, who is currently serving a life sentence in the Florida State Prison system for First Degree Murder, files a "Motion to Recuse Judiciary and to Stay Proceedings or Grant Rehearing on Not Having to Use the Standard Form and Granting the Extension of Pages from 25 Pages to 50." (Doc. 15)  Rhiner initiated this action by filing a typewritten, 69-page *pro se* civil rights complaint under 42 U.S.C. § 1983.  He alleges that prison officials committed various constitutional violations while he was incarcerated at the Avon Park Correctional Institution. (Doc. 1)

An earlier order (1) denies Rhiner's request for leave to file a 50-page amended complaint not using the standard form; (2) denies without prejudice Rhiner's request for appointment of counsel; and (3) grants him a 30-day extension of time to file an amended complaint.  (Doc. 14)  Rhiner now argues

that the Court's order demonstrates the undersigned's bias, and he urges the Court to reconsider its ruling.[1] (Doc. 15)

### *Motion for Recusal*

Rhiner moves for the undersigned's recusal from this case and cites two reasons for his "reasonable fear that he will not receive a fair trial or hearing." (Doc. 15 at 1)  First, he argues the undersigned has misconstrued his initial complaint, and by denying his request to file a 50-page amended complaint not on the standard form, the undersigned has prejudiced his ability to set forth his claims.  He argues the undersigned has denied him the leniency that a *pro se* litigant is promised and has "imposed a more stringent standard tha[n] a practiced and licensed attorney is held to."  (*Id.* at 4–5)

Second, he suggests that the undersigned has a financial interest in the case that impacts the undersigned's impartiality. (*Id.* at 8–9) He argues, "[t]he fact that claims 2 and 3 of [the] complaint deals with the constitutionality of Florida's Life sentence statutes being one of the root causes behind the unconstitutional prison conditions within the FDC, and the fact that those who invest in indefinite imprisonment are beneficiaries of indefinite profit brings into question Judge Barber's denying Rhiner's simple request."  (*Id.* at 8) Rhiner requests the undersigned "to either provide all of his and his

---

[1] The Clerk is directed to **TERMINATE** the duplicate motion filed on February 17, 2026. (Doc. 16)

2

household's financial interests in anything connected to the prison, jail, or reentry systems within Florida (including any companies that profit from investing in such systems, and any mutual or common accounts that are managed by firms that invest in such interests), or to recuse himself[.]" (*Id.* at 9)

"Two statutes govern recusal—28 U.S.C. §§ 144 and § 455." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). Section 144 is inapplicable because Rhiner did not file a "timely and sufficient affidavit" documenting any "personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Under § 455(a), any federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* at § 455(a). "[T]he standard of review for a § 455(a) motion 'is whether an objective, disinterested, law observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). Under § 455(b), a federal judge must recuse when, among other things, he "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

"Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *accord,*

3

*e.g.*, *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). Instead, "[c]hallenges to adverse rulings are generally grounds for appeal, not recusal." *Ginsberg v. Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009). "[A] recusal motion is an improper vehicle to dispute disagreeable adverse rulings." *Id.*

Rhiner has not demonstrated any basis that warrants the undersigned's recusal. His motion rests on his mere disagreement with the Court's procedural ruling that he must comply with Local Rule 6.04(a)(3) by using the standard form for filing a civil rights complaint required for all *pro se* persons in custody. Rhiner believes he is disadvantaged by the Local Rule which requires his use of the standard form. However, his mere disagreement with the Court's decision does not warrant relief. *See Wood v. Frederick*, No. 21-12238, 2022 WL 1742953, at *4 (11th Cir. May 31, 2022) ("Even assuming that certain case management orders by the district court asymmetrically disadvantaged [the plaintiff], such actions cannot reasonably call into doubt the judge's impartiality.") (citing *Berger*, 375 F.3d at 1227). And, his conclusory assertion that he has a "reasonable fear that he will not receive a fair hearing or trial," does not warrant recusal. *See id.* Furthermore, Rhiner's suggestion that the undersigned has a financial interest in this case that affects the undersigned's impartiality is pure speculation.

Rhiner's motion for recusal amounts to disagreement with the Court's procedural rulings and unsubstantiated allegations that the undersigned is biased because he speculates the undersigned has a financial interest in this case.  Such complaints do not satisfy the standards for recusal under § 455, and the motion for recusal (Doc. 15) must be **DENIED**.

### *Motion for Reconsideration*

Alternatively, Rhiner moves the Court to reconsider its earlier order denying his request to file a 50-page amended complaint not on the standard form. He argues that his case concerns "systemic deliberate indifference of a state agency" and he should not be prevented "the opportunity to fully present all of the evidence he has accumulated against the unconstitutional prison conditions."  (Doc. 15 at 5–6)  He believes that using the standard form will "not allow him to present his full set of facts and would give the adverse parties an unfair and partial advantage." (*Id.* at 6)

Rhiner does not identify the Federal Rule of Civil Procedure under which he seeks reconsideration.  Therefore, the Court generously construes the *pro se* motion as a motion for relief under Rule 60(b)(6), Federal Rules of Civil Procedure, which allows the Court to relieve a party from a final order for "any other reason that justifies relief." "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'"  *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted).  "In determining whether extraordinary circumstances are

5

present, a court may consider a wide range of factors . . . includ[ing], in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 580 U.S. at 123 (citation omitted).

Rhiner's argument that his allegations are too substantial to fit on the standard form is not an extraordinary circumstance warranting relief. Rhiner, like all litigants, must comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Furthermore, Rhiner is cautioned that he need not "present all of the evidence he has accumulated" in his operative pleading. (Doc. 15 at 6) Rather, Rule 8(a) provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Because Rhiner fails to show that extraordinary circumstances justify relief from the Court's order denying his request to file a 50-page amended

6

complaint not on the standard form, his construed Rule 60(b)(6) motion (Doc. 15) must be **DENIED**.

No later than **30 DAYS** from the date of this Order, Rhiner must file an amended complaint on the standard form. He must label the form "Amended Complaint," must write Case No. 8:25-cv-2675-TPB-CPT on the form, and must assert all claims that he intends to raise on the form. He must not incorporate by reference the initial complaint. Failure to timely comply shall result in dismissal of this case without further notice. The Clerk is directed to **SEND** to Rhiner the standard form for a federal civil rights complaint.

DONE and ORDERED in Chambers in Tampa, Florida, this ___ day of February, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**