UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED RHINER,

Plaintiff,

v. Case No. 8:25-cv-2675-TPB-CPT

STATE OF FLORIDA, et al.,

Defendants.
_______________________________________/

**ORDER DISMISSING CASE**

Alfred Rhiner, a Florida prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] Generally, he alleges that he has been subjected to unconstitutional prison conditions at the Avon Park Correctional Institution ("Avon Park CI") where he is incarcerated. And, he challenges the constitutionality of a life sentence under Florida law.

Earlier orders (Docs. 11 and 17) permitted Rhiner leave to amend his initial pleading, and he now proceeds on his Amended Complaint (Doc. 20). Upon review, the Amended Complaint must be dismissed because it fails to

[1] Publicly-available records show that Rhiner is serving a life sentence after pleading guilty to first degree premeditated murder, car jacking with a firearm, robbery with a firearm, and kidnapping with a firearm. *State v. Rhiner*, No. 96-CF-002098-B (Fla. 20th Jud. Cir.).

state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.[2] The dismissal is without prejudice to Rhiner filing a second amended complaint.

## I. Amended Complaint

### *Count One: Unconstitutional Conditions of Confinement*

In Count One, Rhiner alleges that his Eighth Amendment rights were violated when "systemic policies and individual acts and omissions" created unconstitutional and dangerous prison conditions at Avon Park CI. (Doc. 20-1 at 6) The problem with Rhiner's pleading is that it mostly contains generalized allegations, statements of law, and legal arguments. (*Id.* at 6–15) The Amended Complaint fails to allege specific incidents or conditions that plausibly show Rhiner personally suffered an Eighth Amendment violation.

For example, Rhiner alleges that "staff shortages, chronic overpopulation, and escalating violence" have made the prison environment "less safe, further inflamed institutional dysfunction, and increased the risk to [Rhiner]." (*Id.* at 20-1 at 7) However, he neglects to allege how the prison environment caused him injury. Rhiner generally alleges that the defendants "have fostered a culture of systemic neglect and harm that is the proximate

[2] Under 28 U.S.C. § 1915A(a), the Court must screen certain civil suits brought by prisoners to determine whether they should proceed. A court is required to dismiss a complaint (or any portion thereof) it is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

cause of [his] injuries" but he fails to specify with any detail any injury he has suffered. (*Id.*) He alleges that he "suffered severe medical distress due to overheated conditions." (*Id.* at 11) But, he declines to support this allegation with any specificity such as the type and duration of his medical distress, nor does he describe how the prison conditions were overheated. He further alleges that "institutional problems, including security gaps, chronic overtime, and poor staff retention" are caused by the defendants' "policies" but he neglects to identify those policies with any specificity or allege how such policies caused him injury. (*Id.* at 8) Rhiner may not proceed on his prison conditions claim because it does not include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In one sentence, Rhiner alleges that "in 2014, [he] was severely assaulted by gang members due to unsafe policies and housing practices[.]" (*Id.* at 9) He alleges that investigations of the incident were "superficial or fabricated" because "reporting systemic violence is . . . discouraged." (*Id.* at 9) However, Rhiner may not proceed on any claim arising from this 2014 incident because it is barred by the statute of limitations. Section 1983 claims "are subject to [Florida's] statute of limitations for personal injury claims," which is four years. *Hillcrest Prop., LLC v. Pasco Cnty.*, 754 F.3d 1279, 1281 (11th Cir. 2014); *see also McGroarty v. Swearingen*, 977 F.3d 1302, 1308 (11th Cir. 2020).

Therefore, to the extent Rhiner attempts to state a claim for an alleged assault that he suffered in 2014, such claim would be barred by the four-year statute of limitations.

Rhiner also asserts a variety of allegations concerning injuries sustained by other prison inmates. For example, he alleges: (1) in March of 2024, "staff failed to intervene or discipline after a gang assault where 9-10 gang members battered 1 nongang member" (*id*. at 9); (2) in the Spring of 2025, "a severe cane assault by inmate Sweat resulted in major injury without discipline" (*id*.); (3) in January 2025, "video evidence shows gangs aiding and arming each other during assaults with little to no staff response" (*id*.); (4) in late 2024, "repeated robberies/assaults by known gang members . . . often resulted in victim punishment and assailant release" (*id*. at 10); and (5) on June 3 and 4, 2024, "Officer Ward sprayed an inmate . . . with chemicals despite the inmate complying" (*id*. at 10). As the Court explained in an earlier order, Rhiner may not pursue this action on behalf of other prisoners. (Doc. 14 at 2 (citing *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001)). Therefore, to the extent he attempts to state a claim based on injuries suffered by other prisoners, such claims must be dismissed without prejudice.

Because a more carefully drafted complaint might state a claim for unconstitutional conditions of confinement, the Court shall permit Rhiner an opportunity to file a second amended complaint. *See Hall v. Merola*, 67 F.4th

1282, 1295 (11th Cir. 2023) ([B]efore dismissing a complaint, a district court must give a *pro se* party at least one chance to amend the complaint if a more carefully drafted complaint might state a claim.") (quotations omitted); *see also Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) ("Where a more carefully drafted complaint might cure the deficiencies in a complaint, a *pro se* plaintiff must be given at least one chance to amend before it is dismissed with prejudice. . . . Absent of one of [two exceptions not applicable here], a district court must advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend." (internal quotation marks and citation omitted)). Rhiner is cautioned that the following legal standards govern a prison conditions claim:

The Eighth Amendment governs the conditions under which prisoners are confined and the treatment they receive in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment imposes duties on prison officials, who "must ensure that inmates receive adequate food, clothing shelter, and medical care." *Id.* A convicted prisoner who shows that prison officials have subjected prisoners to conditions that "involve the wanton and unnecessary infliction of pain" or are deliberately indifferent to their health or safety may state a claim for relief under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *Hall v. Skipper*, 808 F. App'x 958, 960 (11th Cir. 2020) ("Where the prisoner challenges his conditions of confinement,

the relevant inquiry is whether the prison officials involved acted with 'deliberate indifference' to the prisoner's health or safety."). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004); *see also Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023).

To state a claim, a prisoner must first show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler*, 379 F.3d at 1289, or if "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

To meet the subjective standard in a prison conditions case, a plaintiff must show that the prison official acted with deliberate indifference. *Thomas*, 614 F.3d at 1304; *Hall*, 808 F. App'x at 960. A prisoner must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with subjective recklessness as used in the criminal law." *Wade v. McDade*, 106 F.4th 1251,

1255 (11th Cir. 2024) (*en banc*) (quotations and citations omitted). The first prong—subjective awareness—requires "that the prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007). The second prong—disregard of the risk—is objective and the facts must show that the defendant responded to the known risk in an objectively unreasonable manner. *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019). The third prong—subjective recklessness—is satisfied only if the plaintiff shows "that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1253.

The plaintiff must also establish causation by showing "a necessary causal link between the prison official's failure to act reasonably and the plaintiff's injury." *Marbury*, 936 F.3d at 1233 (quotations and alterations omitted). This inquiry focuses "on whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). "[T]he critical question is whether [the official] was in a position to take steps that could have averted the injury but through [deliberate] indifference, failed to do so." *Rodriguez*, 508 F.3d at 622 (quotations and alterations omitted).

***Counts Two and Three: Challenge to a Life Sentence under Florida Law***

In Counts Two and Three, Rhiner attempts to challenge the validity of a life sentence imposed under Florida law. In Count Two, he alleges that Florida's "Life Sentence statute" violates Article 1, Section 17 of the Florida Constitution and the 14th Amendment because it results in an indeterminate term of incarceration. (Doc. 201- at 15–16) Similarly, in Count Three, he alleges that Florida's "life sentencing scheme" is unconstitutional because it constitutes cruel and unusual punishment. (*Id*. at 19–21) As relief, Rhiner requests a declaratory judgment that a term of life imprisonment is unconstitutional.

In an earlier order, the Court cautioned that Rhiner that "he may not assert multiple unrelated claims in the same lawsuit against various defendants." (Doc. 14 at 2-3) Rhiner's challenge in Counts Two and Three to the legality of a life sentence under Florida law is unrelated to his claim in Count One of unconstitutional prison conditions. Accordingly, if Rhiner seeks to pursue a facial or as-applied challenge to the constitutionality of a life term of imprisonment in Florida, he must do so in a separate action.

However, Rhiner is cautioned that a sentence within legislatively mandated guidelines is presumptively valid. *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). If a sentence is within the statutory limits, state courts have wide

discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). Rhiner was convicted as an adult of four felonies that authorize a sentence up to life imprisonment, including first degree premeditated murder, under Sections 782.04 and 777.011, Florida Statutes (1996). As a result, Rhiner's sentence is within the prescribed statutory limits. *See Ratliff v. State*, 914 So. 2d 938 (Fla. 2005) ("It is abundantly clear that the Legislature, by prescribing a sentence of life imprisonment, intends that the defendant remain in prison for the rest of his life. The term 'life' is sufficiently definite so that it can be understood and applied. . . . There is nothing indefinite about such a sentence.").

***Defendants***

Rhiner names as defendants Florida Governor Ron DeSantis, Florida Attorney General James Uthmeier, the Secretary of the Florida Department of Corrections, and the Inspector General of the Florida Department of Corrections, and he sues each of these defendants in their official capacities. (Doc. 20-1 at 2–4) From these defendants, he seeks to recover compensatory and punitive damages and injunctive relief "requiring Defendants to correct system staff shortages by reforming their criminal justice system." (*Id.* at 22)

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment generally precludes suits against the State of Florida and its entities in federal court. *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011); *see Will*, 491 U.S. at 66 ("The Eleventh Amendment bars [suits against a State for alleged deprivations of civil liberties] unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.") (citations omitted); *Lavina v. Florida Prepaid College Bd.*, 174 F. 4th 49, 52 (11th Cir. 2026) (stating that under the Eleventh Amendment, a State cannot be sued in federal court without the State's consent); *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1520 (11th Cir. 1986) ("Florida has not waived its Eleventh Amendment immunity."). Even though amendment of any claims against these defendants would be futile, the dismissal of these defendants is without prejudice because "[s]overeign immunity is jurisdictional in nature" and "[d]ismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice." *Dupree v. Owens*, 92 F.4th 999, 1107 (11th Cir. 2024) (citations omitted). Accordingly, Rhiner's claims against these defendants are dismissed without prejudice for lack of jurisdiction.

Rhiner also sues unnamed members of the Inmate Classification Team and unnamed staff members at Avon Park CI in their individual capacities. (Doc. 20 at 4) "As a general matter, fictitious-party pleading is not permitted

in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit created a limited exception to this rule when the plaintiff's description of the defendant is so specific that there is no doubt about the identity of the party being sued. *Id.* at 738 ("We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'") (citation omitted). Rhiner, however, offers no descriptions of the unnamed defendants besides the detail that some are members of the Inmate Classification Team. Because Rhiner's Amended Complaint lacks any description of the unnamed defendants that is specific enough to enable a process server to accomplish service, the claims against the unnamed members of the Inmate Classification Team and unnamed staff are facially deficient. *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (holding that "descriptions [that] include only general physical attributes and a title that is held by many individuals [ ] fall well short of enabling a process server to identify a specific individual.").

***Leave to Amend***

If Rhiner can allege a claim for unconstitutional conditions of confinement that meets the pleading standards described above and name a proper defendant, he may file a second amended complaint. Rhiner's second amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *Moon v. Newsome*, 863 F.2d

835, 837 (11th Cir. 1989) (explaining that a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Rule 8 provides that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, a § 1983 plaintiff must allege with specificity the facts that make out his claim. *See Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998) ("The contours of an asserted constitutional right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.") (quotations omitted). Rhiner must separate each cause of action against each defendant into a different count. Pursuant to Fed. R. Civ. P. 10(b), the amended complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id*. Rhiner must clearly specify which defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland v. Palm Beach Cty.*, 792 F.3d 1313, 1320 (11th

Cir. 2015); *see Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (affirming dismissal of *pro se* § 1983 complaint because the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants"). Finally, Rhiner must file the second amended complaint on the standard form. M.D. Fla. L.R. 6.04(a)(3).

If Rhiner does not know the name of a fictitious defendant, he may still sue the fictitious defendant by describing the defendant with sufficient particularity to permit service of process. For example, Rhiner may sue an unnamed defendant by accurately describing the defendant on page 2 of the standard form with details such as the defendant's gender, age, and place of employment. Also, he may learn the name of the defendant by requesting documents from the prison.

## III. Conclusion

Accordingly, Rhiner's Amended Complaint is dismissed without prejudice. If Rhiner can state a claim for unconstitutional conditions of confinement and name a proper defendant, he may file a second amended complaint consistent with this order no later than **October 23, 2026.** The second amended complaint will supersede the amended complaint. Therefore, the second amended complaint must contain all claims for relief. It must not refer to or incorporate the original complaint.

If Rhiner fails to file a second amended complaint within the time allotted, this order dismissing the Amended Complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

DONE and ORDERED in Chambers in Tampa, Florida, this 24 day of September, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**